IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD EDWARDS,**

                **Plaintiff,**

     v.                                         CASE NO. 11-3219-SAC

**UNITED STATES OF AMERICA, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff, a prisoner incarcerated in the United States penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se in this civil action. He has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Plaintiff states he is seeking relief for the alleged violation of his civil rights, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and cites his unsuccessful claim submitted under the Federal Tort Claims Act (FTCA). The defendants named in the complaint are the United States, the USPLVN Warden, and a USPLVN employee.

Under *Bivens*, inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities; while

inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18-23 (1980).

Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the present case, the substance of plaintiff's allegations remain elusive at best, explained only by his "Affidavit of Negative Averment" wherein plaintiff references Uniform Commercial Code principles to avoid "performance" on any contract or agreement he has not voluntarily entered into.[1]

Plaintiff also appears to challenge the disposition of his FTCA claim, whereby the Bureau of Prisons stated that an investigation of plaintiff's claim did not reveal that plaintiff suffered any

---

[1]Plaintiff states in part in his Affidavit of Negative Averment that:
> "Richard Edwards JR. is a non-statutory Living being, Holder in due course, Creditor, Secured Party, a Private religious soul.  Richard Edwards JR. has exercised the right that is codified in the statutory law form (ucc) 1-207, whereby Richard Edward JR. has served the Common Law Right not to be bound by, nor compelled to perform under any contract, commercial agreement, or bankruptcy that Richard Edwards JR. has not entered into knowingly, voluntarily, and intentionally."

property damage. Plaintiff maintains in his complaint that he gets "nervous and fearful" in the presence of a particular officer, asks this court to "grant him a hearing for being [a] victim/witness of criminal activities," and states he has exhausted administrative remedies without a reasonable settlement to his claim of official misconduct and the violation of his constitutional rights.[2]

Finding no discernable factual or legal basis in the complaint to plausibly establish an actionable claim under *Bivens* or the FTCA, the court concludes this matter is subject to being summarily dismissed as legally frivolous and as stating no claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The court thereby directs plaintiff to show cause why this action should not be summarily dismissed. The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is to show cause within twenty (20) days why the complaint should not be summarily dismissed as legally frivolous and as stating no claim for relief.

---

[2] In a separate "Affidavit of Criminal Charges by Witness/Victim of Criminal Activity" attached to his motion to compel discovery (Doc. 5), plaintiff states in part that as the "victim/witness" in this matter he declares that the named defendants "did knowingly and willfully conspire and act to oppress, injure and damage" him. Plaintiff then itemizes criminal charges of malfeasance/malice, involuntary servitude, threat, barratry, and official misconduct against the defendants.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) and motion to compel discovery (Doc. 5) are denied without prejudice.

**IT IS SO ORDERED.**

DATED: This 10th day of August 2012 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge